**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**THOMAS C. MCGILL, VICKIE D. MCGILL,**

        **Plaintiffs,**

**-vs-**　　　　　　　　　　　　　　　　　　　　　　　　Case No.  6:12-cv-1142-Orl-28TBS

**PINNACLE FINANCIAL CORPORATION, IMPAC MORTGAGE HOLDINGS, INC., IMH ASSETS CORPORATION,  IMPAC CMB TRUST SERIES 2007-A, CHRISTIANA BANK AND TRUST COMPANY,  MORTGAGE ELECTRONIC REGISTRATION SYSTEMS,  INC. ("MERS"), IMPAC  FUNDING CORPORATION,  ALL PERSONS CLAIMING BY,  THROUGH OR UNDER SUCH PERSON,  ALL PERSONS UNKNOWN,  CLAIMING ANY LEGAL OR EQUITABLE TITLE,  ESTATE, LIEN OR INTEREST IN THE PROPERTY DESCRIBED IN THE COMPLAINT ADVERSE TO PLAINTIFFS TITLE THERETO, DOES 1-20, INCLUSIVE, DEUTSCHE BANK NATIONAL TRUST COMPANY,**

        **Defendants.**

_____

## ORDER

This cause is before the Court on Defendants' Motion to Dismiss Plaintiffs' Amended Complaint (Doc. 13) and the *pro se* Plaintiffs' Opposition (Doc. 15) thereto.  As set forth below, the Amended Complaint will be stricken, but Plaintiffs will be afforded an opportunity to replead their claims.

Generally, "[a] pleading that states a claim for relief must contain . . . a short and plain

statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "'[D]etailed factual allegations'" are not required, but "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570).

"*[P]ro se* pleadings are held to a less strict standard than pleadings filed by lawyers and thus are construed liberally." Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008). However, such pleadings "must still comply with procedural rules governing the proper form of pleadings." Hopkins v. St. Lucie Cnty. Sch. Bd., 399 F. App'x 563, 565 (11th Cir. 2010).

Plaintiffs' 32-page First Amended Complaint contains six counts: wrongful foreclosure, fraud, quiet title, declaratory relief, violation of the Real Estate and Settlement Procedures Act ("RESPA"), and violation of the Truth in Lending Act ("TILA"). The First Amended Complaint is what is commonly referred to as a "shotgun pleading," in which each count incorporates by reference all of the previous allegations and fails to describe which allegations are actually germane to the count. Such pleadings make it "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll., 77 F.3d 364, 366 (11th Cir. 1996). The Eleventh Circuit has described pleadings of this sort as "altogether unacceptable," Cramer v. State of Fla., 117 F.3d 1258, 1263 (11th Cir. 1997), and has stated that district courts faced with such complaints should strike them and require repleading, id.

Accordingly, the Court will strike Plaintiffs' First Amended Complaint and allow Plaintiffs to file a second amended complaint. The second amended complaint shall comply with the requirements of the Federal Rules of Civil Procedure—particularly, Rules 8 and 9(b). Plaintiffs shall use short, plain statements to support each claim they seek to bring, and they shall not incorporate by reference each paragraph appearing before each claim. Additionally, Plaintiffs shall include supporting facts sufficient to state facially plausible claims, and Plaintiffs shall set forth the basis for this Court's subject matter jurisdiction for each claim.

In accordance with the foregoing, it is **ORDERED** and **ADJUDGED** as follows:

1. Plaintiffs' First Amended Complaint (Doc. 3) is **STRICKEN**.

2. Defendants' Motion to Dismiss (Doc. 13) is **DENIED as moot**.

3. Plaintiffs may file a second amended complaint if they are able to state one or more viable causes of action with sufficient particularity. The deadline for such filing is **Friday, January 11, 2013**.

**DONE** and **ORDERED** in Orlando, Florida this 14th day of December, 2012.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Party