UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

THOMAS C. MCGILL and VICKIE D. MCGILL,

    Plaintiffs,

v.                                              Case No: 6:12-cv-1142-Orl-28TBS

IMPAC CMB TRUST SERIES 2007-A, CHRISTIANA BANK AND TRUST COMPANY, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS") and IMPAC FUNDING CORPORATION,

    Defendants.

## REPORT AND RECOMMENDATION[1]

Pending before the Court is Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint. (Doc 26). Upon due consideration I respectfully recommend that the motion be **granted.**

### I. Background

On July 24, 2012, pro se Plaintiffs Thomas C. McGill and Vickie D. McGill filed an action against several financial corporations alleging wrongful foreclosure, fraud, quiet title, declaratory relief, violation of the Real Estate and Settlement Procedures Act (RESPA), 12 U.S.C. § 2601 et seq., and violation of the Truth in Lending Act (TILA), 15 U.S.C. § 1601 et seq. (Doc. 1). Plaintiffs argue, inter alia, that despite their efforts to

---

[1] Specific written objections to this report and recommendation may be filed in accordance with 28 U.S.C. § 636, and M.D. Fla. R. 6.02, within fourteen (14) days after service of this report and recommendation. Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking factual findings on appeal.

foreclose, none of the Defendants "hold a perfected and secured claim in the Property; and that all Defendants are estopped and precluded from asserting an unsecured claim against Plaintiffs' estate." (Id. ¶ 20). "Plaintiffs further allege that the Mortgage is legally void in that the original beneficiary of that Mortgage, the lender on the originating Note, has been paid in full." (Id. ¶ 26). Plaintiffs seek money damages, injunctive relief, a cancellation or nullification of certain deeds of trust and/or liens or mortgages and a "declaration of [their] rights with regard to the property and the corresponding Promissory Note and Mortgage." (Id. ¶¶ 27-28). Plaintiffs have twice amended their Complaint. (Doc. 3;[2] Doc. 24). In their Second Amended Complaint, ("Complaint") Plaintiffs seek (1) to quiet title to residential property located in Heathrow, Florida ("Property"); (2) a declaration that no Defendant has an enforceable interest in the Property; and (3) to recover money damages for violations of the FDCPA and Section 1641(g) of TILA. (Doc. 24; Doc. 26 at 2). Defendants seek dismissal of the Complaint with prejudice on the grounds that it fails to state a claim upon which relief could be granted. (Doc. 26 at 2).

## II.   Discussion

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). While detailed factual allegations are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

---

[2] Plaintiffs' First Amended Complaint was stricken from the record on December 14, 2012. See (Doc. 23).

face.'" Id.  In determining the merits of a motion to dismiss, the court must "accept all factual allegations in the complaint as true." Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007).  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft, 556 U.S. at 678.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555).

### A. Count I: Quiet Title

Plaintiffs allege that they are the owners of the Property and seek to quiet title against the claims of all Defendants.  (Doc. 24 ¶ 36). Defendants' opposition is two-fold. First, they argue that Plaintiffs' claim fails as a "matter of law on grounds that there is no cloud on Plaintiffs' title." (Doc. 26 at 5).[3]  Second, they argue that Plaintiffs lack standing to challenge the assignment/transfer of the Property. (Id. at 6-9).

Standing "is a jurisdictional prerequisite to suit in federal court." Chen v. Siemens Energy, Inc., 467 F. App'x 852, 853 (11th Cir. 2012) (citing Alabama v. United States Envtl. Prot. Agency, 871 F.2d 1548, 1554 (11th Cir. 1989)).  "A claim cannot proceed in federal court if the plaintiff does not have standing." See Guerrero v. Target Corp., 889 F. Supp. 2d 1348, 1352 (S.D. Fla. 2012) ("'Because standing is jurisdictional, a dismissal for lack of standing has the same effect as a dismissal for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1).'") (internal quotations omitted).

---

[3] In Florida, to sustain a cause of action for quiet title, a plaintiff must show that (1) he has title to the land or property in controversy, and (2) a cloud exists on the title. Stark v. Frayer, 67 So. 2d 237, 239 (Fla. 1953); Woodruff v. Taylor, 118 So. 2d 822 (Fla. 2d DCA 1960).  To establish that a cloud exists on the title, Plaintiff must show (a) "the matter which constitutes the alleged cloud" and (b) the facts that give the claim apparent validity and the facts that bear upon its invalidity. Id.; Atlantic Beach Improvement Corp. v. Hall, 197 So. 464, 466 (Fla. 1940).

Plaintiffs allege that title to the Property is currently in their names and that a cloud on title exists because Defendants recorded a mortgage against the Property. (Doc. 24 ¶¶ 34-36). In their Complaint, Plaintiffs acknowledge that Impac CMB Trust Series 2007-A Trust (the "CMB Trust") purchased loans, including the one at issue here, pursuant to a Pooling and Servicing Agreement ("PSA"). (Id. ¶ 21). Plaintiffs maintain that:

> (g) According to the [PSA] for the Trust, all promissory notes purchased by the Trust are dissolved and become income streams for investors in the Trust.
>
> (h) The [PSA] states that only the beneficiaries of the Trust have the legal right to take any action to initiate foreclosure. The Beneficiaries of the Trust have never conferred authority upon the Trustee to initiate foreclosure activities against the Plaintiffs relating to the property.

(Id.). Plaintiffs allege that the trust's claim to the Property is invalid because "Defendant Pinnacle Financial Corporation failed to properly transfer Plaintiffs' note as well as the mortgage to the [CMB Trust]." (Id.).[4] Plaintiffs further allege that Pinnacle's failure to properly record a transfer or assignment of the mortgage to the CMB Trust violates the PSA and renders the mortgage a nullity. (Id. ¶¶ 30, 33).

Although the Eleventh Circuit has yet to rule on the issue, I am persuaded by courts across the country that have determined that plaintiffs "who are not parties to or third party beneficiaries of a PSA, lack standing to challenge the validity of or

---

[4] Plaintiffs argue that Pinnacle Financial Corporation ("Pinnacle") – the original owner and payor of the Note – never made a valid and legal transfer or assignment of its ownership interest in the Note, despite the fact that "the [CMB Trust] and/or its agent Impac Funding Corporation [("Impact Funding")] have been receiving mortgage payments from Plaintiffs." (Doc. 24 ¶ 38). Plaintiffs also argue that the Note is invalid because Impact Funding failed to "properly endorse or deliver any documentation which would allow the [CMB Trust] or the Trustee to claim ownership or control over Plaintiffs' Promissory Note." (Doc. 28 ¶ 12). Plaintiffs conclude that since Pinnacle is "now out of business, there is no party that can actually and validly enforce the terms of the underlying and original promissory note[.]" (Doc. 24 ¶ 38).

noncompliance with the terms of a PSA" or the validity of the assignment or transfer. See In re Kain, No. 08-08404-HB, 2012 WL 1098465, at *8 (Bankr. D.S.C. March 30, 2012) ("[I]t appears that a judicial consensus has developed holding that a borrower lacks standing to (1) challenge the validity of a mortgage securitization or (2) request a judicial determination that a loan assignment is invalid due to noncompliance with a pooling and servicing agreement, when the borrower is neither a party to nor a third party beneficiary of the securitization agreement, i.e., the PSA."); In re Walker, 466 B.R. 271, 285 (Bankr. E.D. Pa. 2012) (same); Estate of Jerry Malloy, No. 11-12922, 2012 WL 176143, at *5 (E.D. Mich. Jan. 23, 2012) ("Plaintiffs, who are not parties to the challenged assignments, lack standing to bring claims that question their validity.").

Plaintiffs have not alleged that they were parties to or third party beneficiaries of the PSA and nothing in the record would support such a finding. Accordingly, I find that Plaintiffs lack standing to challenge the validity of the assignment/transfer and Defendants' compliance with the PSA. Because the Court lacks jurisdiction to consider this claim, I respectfully recommend that Defendants' motion to dismiss be **granted** on this ground.

### B. Count II: Declaratory Judgment

Plaintiffs' claim for declaratory judgment is based on the same argument challenging the validity of the transfer/assignment under the PSA. (Doc. 24 ¶¶ 39-46). Accordingly, I respectfully recommend that Defendants' motion to dismiss Count II be **granted** due to Plaintiffs' lack of standing.

### C. Count III: Violation of 15 U.S.C. §1641(g)

Plaintiffs' allege that Defendants violated the notice provision in 15 U.S.C. §1641(g) when they failed to "provide Plaintiffs with written notice within thirty (30) days

after the date in [sic] which they were allegedly assigned the mortgage for purposes of ownership or service." (Doc. 24 ¶ 54).  Plaintiffs further allege that the various assignments/transfers took place between October 17, 2003 and June 26, 2007.  (Id. ¶¶ 21(a), 28).  In rebuttal, Defendants argue that this claim fails as a matter of law because the transactions pre-dated the statute's effective date.  (Doc. 26 at 9-10).

Section 1641(g) was part of the Helping Families Save their Homes Act of 2009 and was "enacted by Congress to address catastrophic, systemic failures in the nation's housing market."  Connell v. CitiMortgage, Inc., CIVIL ACTION 11-0443-WS-C, 2012 WL 5511087, at *1 n. 3 (S.D. Ala. Nov. 13, 2012).  The statute was enacted on May 20, 2009 and does not apply retroactively.  Id.; Foley v. Wells Fargo Bank, N.A., No. 11-62314-CIV, 2012 WL 4829124, at *2 (S.D. Fla. Sept. 28, 2012).

Upon consideration of Plaintiffs' own averments, I find that all transfers and assignments of Plaintiffs' mortgage loan referenced in the Complaint occurred prior to May 20, 2009.  Accordingly, I respectfully recommend that Defendants' motion to dismiss be **granted** on this ground.

### D.  Count IV: Violation of 15 U.S.C. §1692, et seq.

Plaintiffs' allege that Defendants violated the provisions of the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. §1692, et seq., by making illegal attempts to collect on Plaintiffs' debt obligation.  (Doc. 24 ¶¶ 62-76).  Defendants argue that Plaintiffs' claim should fail as a matter of law because they cannot allege that Defendants were acting as debt collectors engaged in the process of collecting a debt, as those terms are defined in the statute.  (Doc. 26 at 11).

To sustain a claim under the FDCPA, "a plaintiff must allege and prove that: '(1) the plaintiff has been the object of collection activity arising from consumer debt, (2) the

defendant is a debt collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA.'" Locke v. Wells Fargo Home Mortg., No. 10-60286-Civ, 2010 WL 4941456, at *3-4 (S.D. Fla. Nov. 30, 2010).  The FDCPA only applies to debt collectors.  Khadija v. Fannie Mae, CIVIL ACTION FILE NO 1:12-cv-02519-WSD-AJB, 2012 WL 6681736, at *7 (N.D. Ga. Nov. 30, 2012) (citing Cliff v. Payco Gen. Am. Credits, Inc., 363 F.3d 1113, 1123 (11th Cir. 2004)).  Generally, "a mortgage servicing company, or an assignee of a debt are not considered 'debt collectors,' [under the FDCPA] as long as the debt was not in default at the time it was assigned."  Id.; Forester v. Bank of Am., N.A., CIVIL ACTION NO. 11-0160-CG-M, 2012 U.S. Dist. LEXIS 111346, at *19-20 (S.D. Ala. Aug. 7, 2012) (citing Locke, 2010 WL 4941456, at *4-5 (dismissing FDCPA claim with prejudice and holding that "[s]ince Wells Fargo was the mortgage company servicing the Plaintiff's mortgage, it cannot be liable as a 'debt collector' under section 1692")); Foxx v. Ocwen Loan Servicing, LLC, Case No. 8:11-cv-1766-T-17EAK, 2012 WL 2048252, at *3-4 (M.D. Fla. June 6, 2012).

In the Eleventh Circuit, "foreclosing on a home is not debt collection under § 1692g and [the Court] has agreed that 'an enforcer of a security interest, such as a [mortgage company] foreclosing on mortgages of real property . . . falls outside the ambit of the FDCPA except for the provisions of section 1692f(6).'"[5]  Khadija, 2010 WL 6681736, at *7 (quoting Warren v. Countrywide Home Loans, Inc., 342 F. App'x 458, 460-61 (11th Cir. 2009)).

---

[5] 15 U.S.C. §1692f(6) provides that a debt collector violates the statute by "[t]aking or threatening to take any nonjudicial action to effect dispossession or disablement of property if (A) there is no present right to possession of the property claimed as collateral through an enforceable security interest; (B) there is no present intention to take possession of the property; or (C) the property is exempt by law from such dispossession or disablement."

Plaintiffs assert that Defendants are the "purported assignees" of the loan. (Doc. 24 ¶ 63). Plaintiffs also allege that Impact Funding is the mortgage servicing company. (Id. ¶¶ 7, 64-65). Plaintiffs have failed to show that any of the Defendants are "debt collectors," as that term is defined in the statute. Upon consideration of Plaintiffs' own allegations, I find that they are unable to state a claim for relief under 15 U.S.C. §1692. Accordingly, I respectfully recommend that Defendants' motion to dismiss be **granted** on this ground.

### III.  Recommendation

Upon consideration of the foregoing, I respectfully recommend that Defendants' Motion to Dismiss (Doc. 26) be **GRANTED**.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on April 11, 2013.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    Counsel of Record
    Pro se Plaintiffs