UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION


THOMAS C. MCGILL and VICKIE D.
MCGILL,

      Plaintiffs,

v.                                     Case No:  6:12-cv-1142-Orl-28TBS

IMPAC CMB TRUST SERIES 2007-A,
CHRISTIANA BANK AND TRUST
COMPANY, MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.
("MERS") and IMPAC FUNDING
CORPORATION,

      Defendants.

_____

## <u>REPORT AND RECOMMENDATION</u>[1]

      Pending before the Court is Plaintiffs' Motion to Reinstate Case. (Doc 38).  Upon

due consideration of the motion and Defendants' response (Doc. 40), I respectfully

recommend that the motion be **denied**.

## I.  Background

      On July 24, 2012, pro se Plaintiffs Thomas C. McGill and Vickie D. McGill filed an

action against several financial corporations alleging wrongful foreclosure, fraud, quiet

title, declaratory relief, violation of the Real Estate and Settlement Procedures Act

(RESPA), 12 U.S.C. § 2601 et seq., and violation of the Truth in Lending Act (TILA), 15

U.S.C. § 1601 et seq.  (Doc. 1).  Plaintiffs argued, <u>inter alia</u>, that despite their efforts to

---

[1] Specific written objections to this report and recommendation may be filed in accordance with 28 U.S.C. § 636, and M.D. Fla. R. 6.02, within fourteen (14) days after service of this report and recommendation.  Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking factual findings on appeal.

foreclose, none of the Defendants held "a perfected and secured claim in the Property; and that all Defendants [were] estopped and precluded from asserting an unsecured claim against Plaintiffs' estate." (Id. ¶ 20).  "Plaintiffs further allege[d] that the Mortgage [was] legally void in that the original beneficiary of that Mortgage, the lender on the originating Note, has been paid in full." (Id. ¶ 26).  Plaintiffs sought money damages, injunctive relief, a cancellation or nullification of certain Deeds of Trust and/or liens or mortgages and a "declaration of [their] rights with regard to the property and the corresponding Promissory Note and Mortgage." (Id. ¶¶ 27-28).  Plaintiffs twice amended their complaint and in their Second Amended Complaint ("Complaint"), sought (1) to quiet title to residential property ("Property") located in Heathrow, Florida; (2) a declaration that no Defendant has an enforceable interest in the Property; and (3) to recover money damages for violations of the FDCPA and Section 1641(g) of TILA. (Doc. 3; Doc. 24; Doc. 26 at 2).

On April 11, 2013, I issued my report recommending that the district court grant Defendants' motion to dismiss (Doc. 26) based upon the lack of subject matter jurisdiction and Plaintiffs' failure to state a cause of action. (Doc. 36).  On May 9, 2013, the district court adopted the report and recommendation, dismissed this case with prejudice, and directed the clerk to close the file. (Doc. 37).  Plaintiffs have moved the Court to reopen the case pursuant to Federal Rules of Civil Procedure 60(b)(1) and (b)(6). See (Doc. 38 at 2).

## II. Discussion

### A. Legal Standard

Rule 60(b)(1) provides that a "court may relieve a party or its legal representative from a final judgment, order, or proceeding" if "excusable neglect" exists.  "Excusable

neglect" typically "encompasses situations in which the failure to comply with a filing deadline is attributable to negligence."  Hair v. Lawnwood Medical Center, Inc., No. 08-14128-CIV, 2008 WL 4097695, at *2 (S.D. Fla. Sept. 3, 2008).  "To establish excusable neglect under Rule 60(b)(1), a [movant] must show that: '(1) it had a meritorious defense that might have affected the outcome; (2) granting the motion would not result in prejudice to the [opposing] party; and (3) a good reason existed for failing to reply to the [pleading or motion]."  Tara Productions, Inc. v. Hollywood Gadgets, Inc., No. 09-61436-CIV, 2011 WL 810254, at *2 (Mar. 1, 2011); see also  SEC v. Simmons, 241 F. App'x 660, 664 (11th Cir. 2007) ("[T]o show excusable neglect under 60(b)(1), [the movant] also needed to demonstrate that he 'had a meritorious defense that might have affected the outcome' . . . 'to establish a meritorious defense, the moving party must make an affirmative showing of a defense that is likely to be successful'").  Illness, by itself, will not support a finding of excusable neglect.  See Lender v. Unum Life Ins. Co. of Am., Inc., 519 F. Supp. 2d 1217, 1223 (M.D. Fla. 2007) ("[R]elief under the argument of excusable neglect cannot be premised on illness . . . .") (citing Abbey v. Mercedes-Benz of North America, Inc., No. 04-80136-CIV, 2007 WL 879581, at *1 (S.D. Fla. Mar. 20, 2007) ("[I]llness alone is not a sufficient basis for setting aside a judgment under [Rule 60(b)(1)].")).  "Motions made under Rule 60(b) are within the sound discretion of the trial court."  U.S. v. Hope, Jr., No. 5:05cv195-RH/WCS, 2007 WL 1374327, at *2 (N.D. Fla. Mar. 8, 2007).

Plaintiffs are asking the Court to reopen this case because Vickie McGill's extreme illness prevented them from responding to Defendants' motion to dismiss which they argue, constitutes "excusable neglect" under Rule 60(b)(1).  (Doc. 38 at 2).  Plaintiffs have not provided any legal authority in support of their request and simply argue that

"[t]his case needs to go to trial [because] Defendant[s] [have] committed fraud on the Plaintiffs and on this court." (Id.).  Plaintiffs have not filed any affidavits or other evidence as proof of their claim of fraud on the Court.  Instead, they simply rearticulate the allegations in their Complaint. (Id. at 3-7).

### B. Counts I and II

In its previous order, the Court determined that Plaintiffs lacked standing to pursue two of their claims and that those causes of action (Counts I and II) were subject to dismissal because the Court lacked subject matter jurisdiction.  See (Doc. 36; Doc. 37). The Court determined that:

> Although the Eleventh Circuit has yet to rule on the issue, I am persuaded by courts across the country that have determined that plaintiffs "who are not parties to or third party beneficiaries of a [Pooling and Servicing Agreement ("PSA")], lack standing to challenge the validity of or noncompliance with the terms of a PSA" or the validity of the assignment or transfer. See In re Kain, No. 08-08404-HB, 2012 WL 1098465, at *8 (Bankr. D.S.C. March 30, 2012) ("[I]t appears that a judicial consensus has developed holding that a borrower lacks standing to (1) challenge the validity of a mortgage securitization or (2) request a judicial determination that a loan assignment is invalid due to noncompliance with a pooling and servicing agreement, when the borrower is neither a party to nor a third party beneficiary of the securitization agreement, i.e., the PSA."); In re Walker, 466 B.R. 271, 285 (Bankr. E.D. Pa. 2012) (same); Estate of Jerry Malloy, No. 11-12922, 2012 WL 176143, at *5 (E.D. Mich. Jan. 23, 2012) ("Plaintiffs, who are not parties to the challenged assignments, lack standing to bring claims that question their validity.").

> Plaintiffs have not alleged that they were parties to or third party beneficiaries of the PSA and nothing in the record would support such a finding. Accordingly, I find that Plaintiffs lack standing to challenge the validity of the assignment/transfer and Defendants' compliance with the PSA. Because the Court lacks jurisdiction to consider this claim, I respectfully recommend that Defendants' motion to dismiss be granted on this ground.

. . . .

> Plaintiffs' claim for declaratory judgment is based on
> the same argument challenging the validity of the
> transfer/assignment under the PSA. (Doc. 24 ¶¶ 39-46).
> Accordingly, I respectfully recommend that Defendants'
> motion to dismiss Count II be granted due to Plaintiffs' lack of
> standing.

(Doc. 36 at 4-5).

Plaintiffs have not offered any evidence to overcome the Court's jurisdictional finding.  They merely argue that the Court should allow the case to go to trial on its merits. (Doc. 38 at 2).  They completely ignore the fact that the Court is prohibited from considering the merits of these claims because Plaintiffs have no standing to assert them. Therefore, I respectfully recommend that Plaintiffs' motion be **denied** as to Counts I and II of their Complaint.

### C.  Counts III and IV

The Court previously dismissed Counts III and IV due to Plaintiffs' failure to sustain causes of action under 15 U.S.C. §1641(g) and 15 U.S.C. §1692, et seq.  (Doc. 36 at 5-8; Doc. 37).  Plaintiffs have failed in the pending motion to articulate any factual or legal reason why the Court should vacate its ruling due to excusable neglect.  Plaintiffs simply recite the allegations in their Complaint and maintain that "[s]aving the Plaintiffs [sic] life took priority to their filing a response timely."  (Doc. 38 at 2).  But, relief under Rule 60(b)(1) cannot be premised on illness alone.  Lender, 519 F. Supp. 2d at 1223; Abbey, 2007 WL 879581, at *1.  Since Plaintiffs have not offered any legal authority or evidence (in the form of affidavits) in support of their position, I respectfully recommend that their motion be **denied** as to Counts III and IV of their Complaint.

### D. Rule 60(b)(6)

Plaintiffs also seek relief under Rule 60(b)(6), which is a catch-all category that provides relief from a final judgment, order, or proceeding for "any other reason that justifies relief." As with motions pursuant to Rule 60(b)(1), motions made under this subsection "are within the sound discretion of the trial court." Hope, Jr., 2007 WL 1374327, at *2.  "[R]elief under Rule 60(B)(6) 'is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances.'" Rice v. Ford Motor Co., 88 F.3d 914, 919 (11th Cir. 1996) (quoting Griffin v. Swim-Tech Corp., 722 F.2d 677, 680 (11th Cir. 1984)).  Plaintiffs have failed to show any exceptional circumstances warranting the Court's invocation of Rule 60(b)(6).  Accordingly, I respectfully recommend that the motion be **denied** to the extent it seeks relief under this subsection.

### III. Recommendation

Upon consideration of the foregoing, I **respectfully recommend** that Plaintiffs' Motion to Reinstate Case (Doc. 38) be **denied**.

**RECOMMENDED** at Orlando, Florida on July 18, 2013.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

Presiding United States District Judge
Counsel of Record
Pro se Plaintiffs